Submitted March 7, reversed and remanded April 13, 2022

In the Matter of M. K. W.,
fka B. B. W., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. W.,
*Appellant.*

Umatilla County Circuit Court
19JU00962; A177091 (Control)

In the Matter of O. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. W.,
*Appellant.*

Umatilla County Circuit Court
19JU00965; A177092

In the Matter of P. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. W.,
*Appellant.*

Umatilla County Circuit Court
19JU00966; A177093

509 P3d 752

Mother appeals a judgment changing the permanency plan from reunification to adoption, arguing that the juvenile court erred in determining that the Department of Human Services (DHS) made reasonable efforts to effect reunification. *Held*: DHS's efforts had not gone on long enough to afford mother a reasonable opportunity to become a minimally adequate parent. Given that the juvenile court previously instructed DHS to provide mother with a dual diagnosis

program, it was error to change the plan away from reunification before DHS had taken the administrative steps necessary to give mother that opportunity.

Reversed and remanded.


Robert W. Collins, Jr., Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

In this consolidated juvenile dependency case involving three siblings, mother appeals a judgment changing the permanency plan from reunification to adoption, arguing that the juvenile court erred in determining that the Department of Human Services (DHS) made reasonable efforts to effect reunification. *See* ORS 419B.476(2)(a); *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 374, 473 P3d 131 (2020) ("[B]efore the court may change a child's plan from reunification to anything else, DHS must prove by a preponderance of the evidence both that (1) DHS made reasonable efforts to make it possible for the child to be reunified with his or her parent, and (2) despite those efforts, the parent's progress was insufficient to make reunification possible." (Citation omitted.)). We reverse and remand.

The juvenile court took jurisdiction over mother's three children on the bases of mother's substance abuse and anger control issues in April 2019. In March 2021, the court instructed DHS to offer mother an opportunity to participate in a dual diagnosis residential treatment program, which would simultaneously treat her substance abuse and mental health issues. When the permanency hearing began in July 2021, mother was at the Oregon State Hospital being rehabilitated to aid and assist in her defense for an unrelated criminal matter.[1] DHS had referred her to three dual diagnosis programs, but each program wanted a recent mental health evaluation to assess her eligibility, and DHS had not yet been able to obtain the evaluation that had been completed at the state hospital. An assistant attorney general advised the juvenile court that a protective order was needed before the hospital could disclose the report to DHS. The court signed the protective order on August 10, and when the hearing resumed on August 19, DHS still had not received the evaluation. Nevertheless, the juvenile court granted DHS's request to change the permanency plan from reunification to adoption.

---

[1] Our disposition regarding reasonable efforts obviates the need to address mother's other assignment of error, that the trial court plainly erred in conducting the hearing in her absence and without appointing a guardian *ad litem*.

"DHS's efforts qualify as reasonable for purposes of ORS 419B.476 if and only if those efforts supply a parent with a reasonable opportunity to demonstrate his ability to adjust his conduct and become a minimally adequate parent." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 142, 413 P3d 1005 (2018) (internal quotation marks and brackets omitted). "Although we take into account DHS's efforts over the life of the dependency case, the focus is on the period of time leading up to the permanency hearing." *Dept. of Human Services v. W. M.*, 310 Or App 594, 598, 485 P3d 316 (2021). For efforts to be reasonable, they "must go on long enough to allow for a meaningful assessment of whether parents are making sufficient progress to permit reunification." *Id.* at 598-99 (reversing a trial court's finding that DHS made reasonable efforts where the COVID-19 pandemic delayed DHS's ability to offer mother necessary services).

Here, the efforts DHS started may have been reasonable, but those efforts had not gone on long enough to afford mother a reasonable opportunity to become a minimally adequate parent. Because of institutional barriers between DHS, the state hospital, and the court, DHS had not yet been able to submit the evaluation necessary for the dual diagnosis programs to assess whether mother qualified for their services. "Institutional barriers," however, do not categorically excuse DHS from meeting its obligation under ORS 419B.476(2)(a), an obligation that "includes allowing enough time to give parents a reasonable opportunity to use those efforts to ameliorate the risk of harm to their child caused by the jurisdictional bases." *Dept. of Human Services v. M. C. C.*, 303 Or App 372, 383, 463 P3d 592 (2020) ("Delays caused by the institutional barriers of prison do not categorically excuse DHS from making reasonable efforts before seeking to change a child's plan away from reunification.").

Given that the juvenile court previously commented that mother's addiction and mental health issues could "sabotage" each other and instructed DHS to provide mother with a dual diagnosis program, it was error to change the plan away from reunification before DHS had taken the administrative steps necessary to give mother that opportunity.

Reversed and remanded.